IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY J. BUCKNER, et al., | No. 2:23-CV-1579-DAD-DMC-P |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ASHLEY TAYLOR, et al., | |
| Defendants. | |

   Plaintiffs, who are proceeding pro se, bring this civil action. Pending before the Court is Plaintiffs' original complaint, ECF No. 1.

   The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

/ / /

        Plaintiffs in this case are Courtney and Sylvia Buckner. See ECF No. 1. Courtney Buckner is an inmate at the Rio Consumnes Correctional Center in Elk Grove, California. See id. d at 2. Plaintiff Sylvia Buckner is not incarcerated and lives in Sacramento, California. See id. Plaintiffs name as defendants the Amber Grove Apartments and the apartment manager, Ashley Taylor. See id. Both defendants are alleged to be California residents. See id. On the form complaint, Plaintiffs check the boxes alleging both federal question and diversity jurisdiction. See id. at 4. Plaintiffs do not, however, indicate the federal statute or constitutional provision which would support federal question jurisdiction. See id. at 5. Plaintiffs allege that Defendant Taylor was negligent in her responsibilities as apartment manager and that this negligence resulted in a stove fire breaking out in their apartment. See id. at 6.

        The Court finds that it lacks subject-matter jurisdiction. Under 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Here, Plaintiffs have not identified any Constitutional provision, law, or treaty of the United States which supports their claim, which arises under state law relating to landlords and tenants. Under 28 U.S.C. § 1332, the district courts have original jurisdiction in civil actions involving citizens of different states. Here, Plaintiffs allege that all parties are citizens of California. Because the case does not involve diverse parties, diversity jurisdiction does not exist.

        Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

///
///
///
///
///
///
///

Based on the foregoing, the undersigned recommends that this action be dismissed for lack of subject-matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE